IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**NOELIA SANTOS, Individually and on**               **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                        No. 5:21-cv-432

**TWIN LIQUORS, LP, and**                   **DEFENDANTS**
**TWIN LIQUORS GP, LLC**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Noelia Santos ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Twin Liquors, LP, and Twin Liquors GP, LLC (collectively "Defendant" or "Defendants"), she states and alleges as follows:

## I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2.      Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

## II.     JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5.      The acts complained of herein were committed and had their principal effect against Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

6.      Plaintiff is an individual and resident of Bexar County.

7.      Separate Defendant Twin Liquors, LP ("Twin Liquors"), is a domestic limited partnership.

8.      Twin Liquors's registered agent for service is Twin Liquors GP, LLC, at 5639 Airport Boulevard, Austin, Texas 78751.

9.      Separate Defendant Twin Liquors GP, LLC ("Twin Liquors GP"), is a domestic limited liability company.

10.     Twin Liquors GP's registered agent for service is David M. Jabour at 5639 Airport Boulevard, Austin, Texas 78751.

11.     Defendants, in the ordinary course of their business, maintain a website at https://twinliquors.com/.

### IV.    FACTUAL ALLEGATIONS

12.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13.    Upon information and belief, Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

14.    Upon information and belief, the revenue generated from Twin Liquors and Twin Liquors GP was merged and managed in a unified manner.

15.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16.    Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as liquor.

17.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

18.    Defendant is an employer within the meaning of the FLSA and has been, at all times relevant herein, Plaintiff's employer.

19.    Defendants own and operate liquor stores throughout Texas.

20.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

21.     Defendants employed Plaintiff within the three years preceding the filing of this lawsuit.

22.     Specifically, Defendant employed Plaintiff as an hourly-paid Customer Service Representative from July of 2020 until January of 2021.

23.     Defendant also employed other hourly-paid employees within the time period relevant to this lawsuit.

24.     Defendant directly hired Plaintiff and other hourly employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25.     Plaintiff used instrumentalities of interstate commerce such as the telephone and internet in performing her job duties, as well as regularly running customer credit cards.

26.     In addition to her hourly wage, Plaintiff received commissions or bonuses based on the sales that the store made each month.

27.     Other hourly employees also received commissions or bonuses based on the sales that the stores made each month.

28.     These commissions or bonuses were nondiscretionary because they were based on objective, measurable criteria, and because the employees expected to receive the commissions or bonuses and did in fact receive the commissions or bonuses on a regular basis.

29.    Upon information and belief, all or most hourly employees receive these commissions or bonuses.

30.    Plaintiff regularly worked over forty hours per week.

31.    Upon information and belief, other hourly employees regularly or occasionally worked in excess of forty hours per week.

32.    Defendant paid Plaintiff and other hourly employees 1.5x times their base hourly rate for some of the hours they worked over 40 in a workweek.

33.    However, Defendant did not include the bonuses or commissions that were paid to Plaintiff and other hourly employees in their regular rates when calculating their overtime pay even though Plaintiff and other hourly employees received bonuses or commissions related to weeks in which they also worked in excess of forty hours.

34.    Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

35.    Section 778.117 of Title 29 of the Code of Federal Regulations states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

36.    Defendant violated the FLSA and AMWA by not including all forms of compensation, such the non-discretionary bonuses or commissions paid to Plaintiff and other hourly employees, in their regular rate when calculating their overtime pay.

37.    Defendant's pay practices were the same for all hourly employees who received bonuses or commissions based on monthly sales.

38.     Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

39.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly employees violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

40.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

41.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty hours in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

42.     Plaintiff proposes the following class under the FLSA:

**All hourly employees who received a bonus or commission based on monthly sales in connection with work performed in at least one week in the past three years in which they worked over forty hours.**

43.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

44.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

45.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They were eligible for and received nondiscretionary bonuses or commissions based on monthly sales;

C.     They worked over forty hours in at least one week in which they performed work related to a bonus; and

D.     They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

46.     Plaintiff is unable to state the exact number of the collective but believes that the class exceeds fifty (50) persons.

47.     Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

48.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

49.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

50.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

51.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

52.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

53.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

54.     Defendant classified Plaintiff as non-exempt from the requirements of the FLSA.

55.     Despite Plaintiff's entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5x her regular rate for all hours worked in excess of 40 per week.

56.     Defendant knew or should have known that its actions violated the FLSA.

57.     Defendant's conduct and practices, as described above, were willful.

58.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

59.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

61.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

62.     Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

63.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

65.     Defendant classified Plaintiff and other similarly situated employees as non-exempt from the overtime provisions of the FLSA.

66.     Defendant failed to pay Plaintiff and similarly situated employees 1.5x their regular rate for all hours worked in excess of 40 per week.

67.     Defendant deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

68.     Defendant knew or should have known that its actions violated the FLSA.

69.     Defendant's conduct and practices, as described above, were willful.

70.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

71.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

72.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Noelia Santos, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.     Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B.      Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.      Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.      Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA and its related regulations;

E.      An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**NOELIA SANTOS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com